[830 NYS2d 736]

In the Matter of THOMAS M. QUINN, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT,
Petitioner.

Second Department, February 20, 2007

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Stacey J. Sharpelletti* of counsel), for petitioner.

*Harvey B. Besunder*, Islandia, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated June 9, 2005, containing 23 charges of professional misconduct. The respondent answered the petition and, following a prehearing conference, a hearing was held during which the Grievance Committee withdrew Charge Twenty-three. The Grievance Committee presented the testimony of six witnesses and submitted 25 exhibits into evidence. The respondent was represented by counsel, testified on his own behalf, and submitted seven exhibits into evidence. The Special Referee sustained Charges One through Eleven, Fourteen, Fifteen, Sixteen, and Nineteen through Twenty-two, and did not sustain Charges Twelve, Thirteen, Seventeen and Eighteen. The Grievance Committee now moves to confirm the Special Referee's report insofar as it sustained the charges, to disaffirm the report insofar as it did not sustain the charges, and to impose such discipline as the Court may deem just and proper.* The respondent cross-moves to confirm the Special Referee's report insofar as it did not sustain any of the charges, to disaffirm the report insofar as it sustained any of the charges and to dismiss all of the charges in their entirety. In the event charges are sustained, the respondent requests that this Court impose a sanction that does not prevent him from continuing the practice of law.

All of the charges emanate from the respondent's professional misconduct during the time he was a partner at his former law firm, Birzon, Quinn & Strang, now known as Birzon, Strang, Bozarsky & McGurk (hereinafter the Birzon firm).

Charge One alleges that the respondent neglected a legal matter entrusted to him in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

In or about July 1995, the Birzon firm was retained by Helayne Struffolino in connection with a September 1994 automo-

---

* The Special Referee's findings regarding Charge Twenty-two are mistakenly referred to as Charge Twenty-one on page 16 of his report. Charge Twenty-one was sustained by the Special Referee as set forth on page 15 of his report.

bile accident involving her son, Frank, a minor. The respondent handled the matter, and filed and served a summons and complaint in or about June 1996. No answer or motion was received in response to the summons and complaint. The respondent failed to seek a default judgment and he performed no further work.

Charge Two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

In or about January 1996, Santo and Dian Zezima retained the Birzon firm in connection with a complication that occurred during Mr. Zezima's November 1995 heart bypass surgery at Stony Brook Medical Center. In or about February 1996, the respondent served a notice of intention to file a claim on behalf of the Zezimas. He later obtained Mr. Zezima's medical records and had them reviewed by a doctor, who advised that there was no basis to proceed with a medical malpractice action, as the nerve problem complained of by the client was an unavoidable risk of the procedure.

In or about February 1997, the respondent prepared a summons and complaint which he sent to the Zezimas for verification. Although the summons and complaint were never filed and served, the respondent gave the Zezimas false updates on an action that did not exist.

In or about April 2002, Mr. Zezima contacted the respondent at his new place of employment. The respondent indicated that he had the file with him and continued to misrepresent that an action was pending. It was not until the Zezimas confronted the respondent with a letter they received from the Birzon firm, advising that their file had been closed and placed in storage according to the respondent's directive in 1997, that the respondent acknowledged to the Zezimas that there was no action pending.

Charge Three is based upon the factual allegations of Charge Two, and further alleges that the respondent engaged in conduct that adversely reflected on his fitness as a lawyer in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge Four alleges that the respondent neglected a legal matter entrusted to him in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

In or about July 1996, Patrick Cancellino and Kathleen Cancellino retained the Birzon firm in connection with a denial of coverage by their insurance company relating to a February 1996 fire in their store. The respondent represented the clients at their examination under oath conducted by the insurance company in November 1996, following which the insurance company continued to deny coverage to the clients' claim. The respondent failed to commence an action against the insurance company within the prescribed time under the insurance policy.

Charge Five is based upon factual allegations of Charge Four, and further alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

The respondent failed to advise the Cancellinos that he had not commenced an action on their behalf. When the clients called to obtain a status update, the respondent either avoided their calls or otherwise led them to believe that an action was pending. After the respondent left the Birzon firm in late January 2002, the Cancellinos learned that no action had been commenced on their behalf.

Charge Six is based upon the factual allegations of Charge Five, and further alleges that the respondent engaged in conduct that adversely reflected on his fitness as a lawyer in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge Seven alleges that the respondent neglected a legal matter in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

In or about September 1997, Duke Gary Groudine retained the Birzon firm in connection with a pending action commenced on his behalf by another attorney against Isuzu Motors, Ltd., and others relating to a 1993 car accident. As a result of the alleged malpractice of the prior attorney, in or about August 1997, the action had been dismissed against two of the three named defendants. The respondent handled the matter and was to continue prosecuting the action against the remaining defendant and commence a malpractice action against the former attorney. The action was dismissed in 2000 for lack of activity, and no action was ever instituted against the prior attorney.

Charge Eight is based upon factual allegations of Charge Seven, and further alleges that the respondent engaged in

conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Although the respondent allegedly was unable to obtain the file or an executed consent to change attorney form from the former attorney, he failed to advise the client that nothing was being done on his case and, instead, led him to believe that it was being handled. Although the respondent drafted a summons and complaint against the former attorney, he did not initiate suit but led the client to believe he had.

Charge Nine is based upon the factual allegations of Charge Eight, and further alleges that the respondent engaged in conduct that adversely reflected on his fitness as a lawyer in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge Ten alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

In or about March 1998, Harriet Caballero retained the Birzon firm with respect to a slip-and-fall accident at a Long Island Rail Road station in or about July 1997. The respondent handled the matter and, in or about March 1999, told the client and the Birzon firm that a $30,000 settlement offer had been made, when, in fact, no such offer had been made.

Charge Eleven is based upon the factual allegations of Charge Ten, and further alleges that the respondent engaged in conduct that adversely reflected on his fitness as a lawyer in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge Fourteen alleges that the respondent neglected a legal matter entrusted to him in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

In or about February 2001, Scott Somerville of Craftsmen Homes, Inc. (hereinafter Craftsmen), retained the Birzon firm in connection with a real estate transaction, and the respondent handled the matter. A deal was negotiated between Craftsmen and an individual, whereby Craftsmen took an assignment of the individual's contract to purchase property, and the individual was to execute a contract with Craftsmen to have a house built on the property. When the house was completed, Craftsmen was to sell the house and land back to the individual. The

agreement provided that in the event the construction contract was not signed within a certain period of time, the individual was required to repurchase the land for what Craftsmen paid plus interest and expenses. The individual did not sign the construction contract in the prescribed time and failed to repurchase the property. The respondent was to initiate an action on Craftsmen's behalf based on the breach of the assignment agreement, but failed to do so.

Charge Fifteen is based upon the factual allegations of Charge Fourteen, and further alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]). Although the respondent failed to commence an action on behalf of Craftsman, he led the client to believe a lawsuit was pending.

Charge Sixteen is based upon the factual allegations of Charge Fifteen, and further alleges that the respondent engaged in conduct that adversely reflected on his fitness as a lawyer in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge Nineteen alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

In or about June 2001, John Kump retained the Birzon firm in connection with a January 2001 motor vehicle accident. The respondent handled the matter on behalf of the Birzon firm. In or about December 2001, the respondent advised the client and the Birzon firm that he had obtained a $60,000 settlement offer, when in fact, no such offer had been made.

Charge Twenty is based upon the allegations of Charge Nineteen, and further alleges that the respondent engaged in conduct that adversely reflected on his fitness as a lawyer in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge Twenty-one alleges that the respondent neglected a legal matter entrusted to him in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

In or about October 1998, Frank Bushfield retained the Birzon firm in connection with a slip and fall at Sagaponack General Store on or about November 1997. The respondent handled

the matter on behalf of the Birzon firm. In or about December 1998, an action was commenced on the client's behalf. During pretrial discovery, the respondent learned that the wrong Sagaponack General Store had been named as a defendant and discontinued the action. The respondent failed to take steps to commence a new action against the correct defendant within the applicable statute of limitations.

Charge Twenty-two alleges that the respondent neglected a legal matter entrusted to him in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

In or about 1997, Miran Arian and Yvette Arian retained the Birzon firm to represent them in connection with a foreclosure action against Charles Glemm and Mary Glemm, and the respondent handled the matter. The foreclosure action eventually settled, with payment made for all sums due and owing the Arians, except for approximately $5,800. To secure repayment of this remaining balance, Mrs. Glemm executed a promissory note requiring payment by October 21, 1997. When no payments were made pursuant to the terms of the promissory note, the respondent filed and served a summons with notice of motion for summary judgment in lieu of complaint, in or about March 1998, in the Supreme Court, Suffolk County. By order dated June 4, 1998, the court granted the client's motion for summary judgment. The respondent thereafter failed to convert the June 4, 1998, order to a judgment within one year.

Based upon the respondent's admissions and the evidence adduced, we find that the Special Referee properly sustained Charges One through Eleven, Fourteen, Fifteen, Sixteen, and Nineteen through Twenty-two, and did not sustain Charges Twelve, Thirteen, Seventeen and Eighteen. The Grievance Committee's motion is granted to the extent that it seeks to confirm the Special Referee's report sustaining Charge One through Eleven, Fourteen, Fifteen, Sixteen, and Nineteen through Twenty-two and denied to the extent that it seeks to disaffirm the Special Referee's report not sustaining Charges Twelve, Thirteen, Seventeen and Eighteen. The respondent's cross motion is granted to the extent that it seeks to confirm the Special Referee's report not sustaining Charges Twelve, Thirteen, Seventeen and Eighteen, and denied to the extent that is seeks to disaffirm the Referee's report which sustained Charges One through Eleven, Fourteen Fifteen, Sixteen, and

Nineteen through Twenty-two, and to dismiss all of the charges.

In determining an appropriate measure of discipline to impose, the Grievance Committee advises that the respondent has no prior disciplinary history. However, in view of the multiple charges sustained against him and his pattern of deceit and neglect, his disbarment is warranted.

PRUDENTI, P.J., MILLER, SCHMIDT, MASTRO and FLORIO, JJ., concur.

Ordered that the Grievance Committee's motion is granted to the extent that it seeks to confirm the Special Referee's report sustaining Charges One through Eleven, Fourteen, Fifteen, Sixteen, and Nineteen through Twenty-two, and it is denied to the extent that it seeks to disaffirm the Referee's report not sustaining Charges Twelve, Thirteen, Seventeen and Eighteen; and it is further,

Ordered that the respondent's cross motion is granted to the extent that it seeks to confirm the Special Referee's report not sustaining Charges Twelve, Thirteen, Seventeen and Eighteen, and is denied to the extent that it seeks to disaffirm the Special Referee's report which sustained Charges One through Eleven, Fourteen, Fifteen, Sixteen, and Nineteen through Twenty-two, and to dismiss all of the charges; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Thomas M. Quinn, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Thomas M. Quinn, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Thomas M. Quinn is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Thomas M. Quinn, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).